**Leo Daniel THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–01589–CR.**

Court of Appeals of Texas, Dallas.

Dec. 3, 2004.

Michael E. Miller, Dallas, for Appellant.

Larissa Roeder, Asst. Criminal District Atty., Dallas, for State.

---

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

In this case, Leo Daniel Thomas challenges his conviction for misdemeanor assault. He contends in a single issue that the trial court erred by entering an affirmative finding of family violence. We affirm the trial court's judgment.

The State charged appellant by information with assaulting Erica Thomas by striking her head with his hand and by choking her. At trial, Thomas and appellant testified that they had a son together. In addition, they both acknowledged they had previously been married to each other. A jury found appellant guilty. Afterward, the trial court entered a family violence finding in the case.

In his sole issue on appeal, appellant contends the trial court erred by entering the family violence finding because appellant "had no notice that the State was seeking such a finding." Under the Texas Code of Criminal Procedure, a trial court must enter an affirmative finding of family violence in its judgment if, in the trial of an offense against a person, the court determines that the offense involved family violence as defined by the family code. See Tex.Code Crim. Proc. Ann. art. 42.013 (Vernon Supp.2004–05). Included in the family code's definition of family violence is an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, or assault. See Tex. Fam.Code Ann. § 71.004(1) (Vernon 2002). The family code's definition of family includes former spouses and individuals who are the biological parents of the same child, without regard to marriage. See id. § 71.003.

A finding of family violence impacts a defendant's sentence only if the defendant has previously committed a family-violence assault. Under the Texas Penal Code, a misdemeanor assault, such as the one in this case, becomes a third degree felony if the assault is committed against a member of the defendant's family or household and it is shown at trial that the defendant has previously been convicted of an assault against a member of his family or household. See Tex. Pen.Code Ann. § 22.01(b)(2) (Vernon 2003). Here, however, the State did not attempt to prove appellant had previously been convicted of an assault involving family violence. The evidence before the trial court simply showed the single family-violence assault alleged in the information. In support of his argument, appellant relies on caselaw holding that the State must give notice when it intends to seek a deadly weapon finding, a fact that distinctly impacts a defendant's parole rights. But appellant does not explain why the first-offense family violence finding supported by the record in this case is necessarily analogous to a deadly weapon finding. Unquestionably, the State must give notice of its intention to seek a deadly weapon finding. See Ex parte Patterson, 740 S.W.2d 766, 775 (Tex. Crim.App.1987) (holding that because deadly weapon finding, which affects parole eligibility, impacts defendant's liberty interest, due course of law requires State to give notice of intention to pursue deadly weapon finding), overruled on other grounds, Ex parte Beck, 769 S.W.2d 525 (Tex.Crim.App.1989). We question, however, whether a defendant is entitled to any notice of the State's intent to seek a first-offense family violence finding that could not have any impact on punishment.

■ Regardless, the State in this case sufficiently notified appellant it intended to seek a family violence finding. In the

information, the State alleged appellant had assaulted Erica Thomas. The record clearly reflects appellant's awareness that Thomas was his ex-wife and that they had a child together. For the purposes of the Texas Family Code, they were "family." Tex. Fam.Code Ann. § 71.003. And under the Texas Code of Criminal Procedure, the trial court had no discretion in entering a family violence finding once it determined the offense involved family violence. *See* Tex.Code Crim. Proc. Ann. art. 42.013. Accordingly, appellant had all the notice necessary to prepare for the State to seek a family violence finding. *Cf. Narron v. State*, 835 S.W.2d 642, 643 (Tex.Crim.App. 1992) (holding defendant had sufficient notice of State's intent to seek a deadly weapon finding where indictment alleged defendant possessed a firearm, a deadly weapon per se).

Moreover, even if the information did not formally inform appellant that the State would seek a family violence finding, he could not have been harmed by the alleged failure. Because he could not avoid the legal reality of his familial relationship with Thomas, a more formal notice from the State would not have changed the outcome of appellant's case. Any error was harmless. *See* Tex.R.App. P. 44.2(a).

 In a supplemental brief, appellant contends the recent United States Supreme Court case of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), inhibits the trial court's ability to enter a family violence finding in his case. He argues that, under *Blakely*, section 42.013 "to the extent that it permits a judge to make a finding of Family Violence where the defendant has not waived the right to have the jury make such finding, is unconstitutional." We agree with the State that *Blakely* does not affect the validity of the affirmative family violence finding entered by the trial court in this case. *Blakely* involved a state trial court's ability to increase a defendant's punishment above the presumptive sentencing range for the offense proved during the guilt-innocence phase of trial. *Id.* at 2534. *Blakely* reaffirmed the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that, other than the fact of a previous conviction, any fact that increases the punishment for a crime above the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Blakely*, 124 S.Ct. at 2536. The family violence finding made here, however, had no effect whatsoever on appellant's punishment in this case. Therefore, the holding in *Blakely* does not affect appellant's case.

We resolve appellant's sole issue against him and affirm the trial court's judgment.