# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00687-CR

**Roger Wallace Henderson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
## NO. 04-3707-3, HONORABLE DON HIGGINBOTHAM, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Roger Wallace Henderson guilty of assault and assessed punishment at 150 days' incarceration. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West Supp. 2005). The issue presented in this appeal is whether the trial court violated appellant's Sixth Amendment rights by entering an affirmative finding that "the said Defendant committed family violence in the course of committing the offense charged."[1] We hold that it did not and affirm the conviction.

The court's finding was entered in the judgment pursuant to code of criminal procedure article 42.013:

---

[1] In two subsidiary issues, appellant asserts that his contention was preserved for appeal but if it was not, his trial counsel was ineffective for having failed to do so. As we will explain later in this opinion, the alleged error was preserved. Thus, there is no basis for the ineffectiveness claim.

In the trial of an offense under Title 5, Penal Code [offenses against the person], if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2005). Although appellant does not deny that the person he assaulted was shown to be a member of his family or household, he contends that the entry of the court's family violence finding violated his Sixth Amendment right to a jury finding, based on proof beyond a reasonable doubt, of "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict." *United States v. Booker*, 543 U.S. 220, 244 (2005) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *see also Blakely v. Washington*, 542 U.S. 296, 301 (2004).[2]

The State argues that appellant did not preserve this contention for appeal because he did not object to the court's charge or request a jury finding on family violence. We disagree. Appellant was on trial for simple misdemeanor bodily injury assault. *See* Tex. Pen. Code Ann. § 22.01(a)(1). The complainant's status as a member of appellant's family or household was not an element of the offense. Before sentence was imposed, appellant objected to the court's stated intention to make the article 42.013 affirmative finding on the ground that there had been no jury finding. The alleged error was preserved.

---

[2] The information in this cause alleged that the complainant was a member of appellant's family or household, apparently to give appellant notice of the State's intention to seek the affirmative finding. The court's jury charge at the guilt/innocence phase did not incorporate this allegation or require a jury finding regarding family violence in order to convict. Although the jury's verdict found appellant guilty "as charged in the information," the State does not contend that the jury's verdict constituted an affirmative finding.

We agree with our sister courts in Fort Worth and Dallas that no Sixth Amendment violation is shown. *See Butler v. State*, 162 S.W.3d 727, 732 (Tex. App.—Fort Worth 2005, pet. granted); *Thomas v. State*, 150 S.W.3d 887, 889 (Tex. App.—Dallas 2004, pet. ref'd). The issue in *Booker*, *Blakely*, and *Apprendi* was the trial court's authority to increase the defendant's punishment above the presumptive sentencing range for the offense proved at trial. The family violence finding at issue here had no effect on appellant's punishment in this case, and thus *Booker*, *Blakely*, and *Apprendi* do not apply. *See Thomas*, 150 S.W.3d at 889. The family violence finding may become relevant to sentence if appellant is ever prosecuted for a second family violence assault pursuant to section 22.01(b)(2). *See* Tex. Pen. Code Ann. § 22.01(b)(2) (West Supp. 2005). We decline to issue an advisory opinion as to whether this hypothetical future use of the court's finding would violate the Sixth Amendment. *See Butler*, 162 S.W.3d at 732.

We briefly address two matters raised by Justice Dauphinot in her *Butler* dissent. First, the analogy between the family violence finding at issue here and the deadly weapon finding under article 42.12, section 3g is inapt. *See Butler*, 162 S.W.3d at 733-34; Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2005). The holding in *Polk* that the deadly weapon finding must be made by the trier of fact was not based on the Sixth Amendment but on the language of the statute. *See Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985). Second, appellant was not placed on community supervision, and thus the conditions of supervision referred to by Justice Dauphinot are not implicated in this case. *See Butler*, 162 S.W.3d at 737; Tex. Code Crim. Proc. Ann. art. 42.12, §§ 11(h), 14(c) (West Supp. 2005).

The judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   April 14, 2006

Publish