In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00280-CR


______________________________




MICHAEL GLENN MELTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Hunt County, Texas


Trial Court No. CR-0501341




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Michael Glenn Melton appeals from his conviction by a jury for assault causing bodily
injury--family violence. He was sentenced to 180 days' confinement and a $750.00 fine. 

 Melton contends on appeal that the trial court erred by conducting part of the voir dire of the
jury panel in the absence of counsel and by incorrectly instructing the members of the panel that they
might not be disqualified if they had a previous misdemeanor theft conviction. Melton argues that
his right to an impartial jury was thus not protected and that he should be granted a new trial.

 Melton further contends that the family violence portion of the judgment and sentence is void
because it does not conform to the jury's verdict or the trial court's pronouncement of sentence.

 The first portion of voir dire, in which the trial court attempted to eliminate jurors who were
patently disqualified, was conducted by the court without counsel being present. The initial question
is whether the court made an incorrect statement of the law to the venire. After introducing the
proceeding, the court stated that 

 there are certain qualifications that you have to have in order to be a juror in this
county and in this state. So let me read all of those out at a time. If there's anybody
that has any -- if they know they are not qualified or they have a question on
something, we'll get to that in just a minute. But let me go ahead and read them
all.  . . . .

 You can't have been convicted of theft or any felony. However, conviction
of a misdemeanor theft still might allow you to be a juror; but no felony convictions. 
 If you are under indictment or legal accusation or deferred adjudication for
any theft or felony, then you would not be qualified to be a juror.


 Melton correctly points out that the trial court's initial explanation to the panel is a
misstatement of statutory law. See Tex. Code Crim. Proc. Ann. art. 35.16(a)(2) (Vernon 2006) (as
applied through Article 35.19--that a juror who has been convicted of misdemeanor theft or a felony
is disqualified). Since counsel was not present at this stage of the voir dire examination, no
opportunity was provided to lodge objections or preserve error. There was no showing made that
any members of the jury panel had ever been convicted of misdemeanor theft. 

 However, even if it were shown that one or more of the jurors had been disqualified by
reason of a prior misdemeanor theft conviction, that (standing by itself) does not provide a reason
for reversal of the eventual conviction. In order to reach that threshold, Melton must raise the issue
of the disqualification before the verdict was entered or, if the disqualification was discovered after
the verdict, show a significant harm caused by the service of the disqualified juror. See Tex. Code
Crim. Proc. Ann. art. 44.46 (Vernon 2006). 

 The contention raised here is not that a disqualified juror served, but that the defendant has
a right to a properly-conducted jury selection process. Although this is certainly true, the purpose
of that procedure is to ensure that a jury is selected which does not contain individuals who are
absolutely disqualified from serving. See Tex. Const. art. I, § 15; Tex. Gov't Code Ann.
§ 62.102(7) (Vernon Supp. 2006). Even if it had been shown that a disqualified juror had been
empaneled and served on the jury, that, by itself, does not automatically warrant reversal; rather,
"significant harm" must be shown. In other words, in the absence of both showing that a disqualified
juror actually served on the jury, together with aggravating factors which result in significant harm
to the defendant, an error by the court in explaining disqualifications does not constitute sufficient
error to reverse a conviction. See generally Preiss v. Moritz, 60 S.W.3d 285, 288-90 (Tex.
App.--Austin 2001), rev'd on other grounds, 121 S.W.3d 715 (Tex. 2003).

 The contention of reversible error is overruled.

 Melton next contends that the family violence portion of the judgment and sentence is void
because it does not conform to the jury's verdict or to the trial court's pronouncement of sentence. (1) 
He, therefore, asks this Court to reform the judgment to delete the finding. (2)

 The trial court received and announced the verdict of the jury, which found Melton guilty of
assault as charged in the information. After the punishment phase of trial was complete, the jury
assessed punishment, which was imposed by the trial court, of 180 days' confinement in county jail
and a fine of $750.00 and costs of $251.00. 

 The general rule is that, when the oral pronouncement of sentence in open court and the
written judgment conflict, the oral pronouncement controls. Thompson, 108 S.W.3d at 290; Smith
v. State, 176 S.W.3d 907, 920 (Tex. App.--Dallas 2005, pets. ref'd [3 pets.]). The solution is to
modify the written judgment to conform to the sentence as it was orally pronounced. Thompson, 108
S.W.3d at 290. This is not that situation. 

 The affirmative finding as designed and implemented by the Texas Family Code is not a part
of the sentence. It does not enhance punishment or provide additional punishment--it is not truly
a part of the punishment imposed in this case. See Henderson v. State, No. 03-04-00687-CR, 2006
WL 952374 (Tex. App.--Austin Apr. 14, 2006, pet. ref'd); Thomas v. State, 150 S.W.3d 887, 889
(Tex. App.--Dallas 2004, pet. ref'd), cert. denied, ___ U.S. ___, 126 S.Ct. 203 (2005). We
recognize that a family violence finding may become relevant to the sentence if appellant is ever
prosecuted for a second family violence assault pursuant to Section 22.01(b)(2). See Tex. Penal
Code Ann.§ 22.01(b)(2) (Vernon Supp. 2006). However, such a finding does not impact the
punishment assessed in the present case. Thus, we cannot conclude that the sentence imposed by
the trial court in open court differs from the sentence reflected by the judgment. Error has not been
shown.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: February 28, 2007

Date Decided: March 1, 2007


Do Not Publish

1. The trial court is required by Tex. Code Crim. Proc. Ann. art. 42.013 (Vernon 2006), to
make the family violence determination by making an affirmative finding based on the evidence of
that fact and by entering that finding in the judgment of the case. Butler v. State, 189 S.W.3d 299,
302 (Tex. Crim. App. 2006). We do not, in this opinion, address the adequacy of the language used
in the judgment to show that such a finding was made by the court. 
2. The reviewing court has the power to modify judgments to make the record speak the truth
when it has the necessary data and information to do so. Tex. R. App. P. 43.2(b); Thompson v. State,
108 S.W.3d 287, 290 (Tex. Crim. App. 2003); Asberry v. State, 813 S.W.2d 526, 529 (Tex.
App.--Dallas 1991, pet. ref'd).


WhenUsed="false" Name="Light List Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00155-CR

                                                ______________________________

 

 

                              GERALD DEWAYNE BUTLER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 36302-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Gerald
DeWayne Butler was convicted of aggravated robbery in four separate prosecutions,
for multiple robberies of different victims, occurring on three different
dates.  Those convictions are all
presently before this Court on appeal.  A
fifth robbery involving a shooting was prosecuted earlier, and that conviction
was appealed to this Court.  (All five
robberies occurred during the span of six weeks.)  Our opinion affirming the conviction on the
fifth robbery issued on November 12, 2009.[1]  By agreement with the State and the trial
judge, issues that were litigated in the first prosecution concerning a
pretrial motion to suppress could also be brought forward as issues in his four
current appeals.  

            In
this case, Butler appeals from his conviction on his plea of guilty pursuant to
a plea agreement that granted him the right of appeal from pretrial
hearings.  He was convicted of aggravated
robbery, with a deadly weapon finding, and sentenced to twenty years
imprisonment, to run consecutively with his other convictions.  

            Butler
raises three points on appeal wherein he alleges:  (1) the court erred by denying his motion to
suppress evidence; (2) the court erred by not suppressing his confession based
on the violation of his right to exculpatory evidence under Brady[2]; and
(3) the court erred by not suppressing his confession on constitutional grounds
because he was not advised that he was being recorded.  

            Because
the issues raised in each appeal, and the facts underlying each appeal are
identical, for the reasons stated in our opinion dated this day in Butler v.
State, cause number 06-09-00150-CR, we likewise in this appeal affirm the
judgment of the trial court.

 

 

                                                                        Josh
R. Morriss III

                                                                        Chief
Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
20, 2010

 

Do Not Publish











[1]Butler v. State, 300 S.W.3d 474 (Tex.
App.Texarkana 2009, pet. refd, untimely filed).

 





[2]Brady v. Maryland, 373 U.S. 83 (1963).