In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00048-CR


______________________________




DAMARIS NACOLE JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 21257




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Damaris Nacole Johnson appeals the revocation of her community supervision. On or about
May 5, 2006, Johnson pled guilty to a charge of theft of rental property valued at more than
$1,500.00 but less than $20,000.00. See Tex. Penal Code Ann. § 31.04 (Vernon Supp. 2006). The
State prosecuted the offense as a Class A misdemeanor under Section 12.44 of the Texas Penal
Code. See Tex. Penal Code Ann. § 12.44 (Vernon Supp. 2006). The trial court found Johnson
guilty and placed her on community supervision. On or about October 24, 2006, the State filed a
motion to revoke Johnson's community supervision. The trial court found Johnson had violated the
terms of her community supervision by failing to pay various fees and failing to attend a "personal
development seminar," (1) revoked Johnson's community supervision, and sentenced Johnson to one
year of imprisonment in the county jail. On appeal, Johnson argues the trial court lacked jurisdiction
to revoke her community supervision because of the lack of a capias warrant.

 Johnson argues the lack of a capias warrant deprived the trial court of jurisdiction. (2) The
Texas Code of Criminal Procedure provides: 

 At any time during the period of community supervision the judge may issue a
warrant for violation of any of the conditions of the community supervision and
cause the defendant to be arrested. Any supervision officer, police officer or other
officer with power of arrest may arrest such defendant with or without a warrant upon
the order of the judge to be noted on the docket of the court . . . . 


Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon 2006). After Johnson filed her brief, the
State supplemented the clerk's record with a capias warrant. The capias warrant was issued
October 24, 2006, and states it was executed November 22, 2006. Because the record establishes
a capias warrant was issued, (3) we overrule Johnson's sole issue on appeal. 




 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 25, 2007

Date Decided: September 26, 2007


Do Not Publish


 
1. The State also alleged Johnson cashed a fraudulent check at a check cashing business. The
check Johnson was accused of fraudulently cashing was accompanied by a letter informing Johnson
that she had won an "International Sweepstake Draw." The letter requested Johnson return part of
the money for a "Non Resident Government Service Tax." Sergeant James Mazy, a police officer
with the Paris, Texas, Police Department, determined the check was part of a scam by a fraudulent
business. The trial court found the evidence of Johnson's intent to defraud the check cashing
business was insufficient. 
2. In support of this proposition, Johnson cites Harris v. State, 843 S.W.2d 34 (Tex. Crim.
App. 1992), overruled in part by Bawcom v. State, 78 S.W.3d 360, 363 (Tex. Crim. App. 2002)
(abandoning rule in Harris concerning pre-capias due diligence), and modified by statute as
explained in Wheat v. State, 165 S.W.3d 802, 805 (Tex. App.--Texarkana 2005, pet. ref'd, untimely
filed) (discussing legislative amendments concerning due diligence); Davis v. State, 150 S.W.3d 196,
208 n.6 (Tex. App.--Corpus Christi 2004), rev'd on other grounds, 195 S.W.3d 708 (Tex. Crim.
App. 2006). The cases cited by Johnson concern the trial court's jurisdiction when the hearing to
revoke community supervision is held after the expiration of the term of community supervision. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e) (Vernon 2006). Johnson does not argue that
the hearing occurred after the expiration of the term of her community supervision. 
3. In the alternative, the State argues the trial court acquired jurisdiction when Johnson
personally appeared at the revocation proceeding. Because the supplemented record contains a
capias warrant, it is not necessary for us to address this alternative argument. 



sentence is void
because it does not conform to the jury's verdict or to the trial court's pronouncement of sentence. (1) 
He, therefore, asks this Court to reform the judgment to delete the finding. (2)

 The trial court received and announced the verdict of the jury, which found Melton guilty of
assault as charged in the information. After the punishment phase of trial was complete, the jury
assessed punishment, which was imposed by the trial court, of 180 days' confinement in county jail
and a fine of $750.00 and costs of $251.00. 

 The general rule is that, when the oral pronouncement of sentence in open court and the
written judgment conflict, the oral pronouncement controls. Thompson, 108 S.W.3d at 290; Smith
v. State, 176 S.W.3d 907, 920 (Tex. App.--Dallas 2005, pets. ref'd [3 pets.]). The solution is to
modify the written judgment to conform to the sentence as it was orally pronounced. Thompson, 108
S.W.3d at 290. This is not that situation. 

 The affirmative finding as designed and implemented by the Texas Family Code is not a part
of the sentence. It does not enhance punishment or provide additional punishment--it is not truly
a part of the punishment imposed in this case. See Henderson v. State, No. 03-04-00687-CR, 2006
WL 952374 (Tex. App.--Austin Apr. 14, 2006, pet. ref'd); Thomas v. State, 150 S.W.3d 887, 889
(Tex. App.--Dallas 2004, pet. ref'd), cert. denied, ___ U.S. ___, 126 S.Ct. 203 (2005). We
recognize that a family violence finding may become relevant to the sentence if appellant is ever
prosecuted for a second family violence assault pursuant to Section 22.01(b)(2). See Tex. Penal
Code Ann.§ 22.01(b)(2) (Vernon Supp. 2006). However, such a finding does not impact the
punishment assessed in the present case. Thus, we cannot conclude that the sentence imposed by
the trial court in open court differs from the sentence reflected by the judgment. Error has not been
shown.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: February 28, 2007

Date Decided: March 1, 2007


Do Not Publish

1. The trial court is required by Tex. Code Crim. Proc. Ann. art. 42.013 (Vernon 2006), to
make the family violence determination by making an affirmative finding based on the evidence of
that fact and by entering that finding in the judgment of the case. Butler v. State, 189 S.W.3d 299,
302 (Tex. Crim. App. 2006). We do not, in this opinion, address the adequacy of the language used
in the judgment to show that such a finding was made by the court. 
2. The reviewing court has the power to modify judgments to make the record speak the truth
when it has the necessary data and information to do so. Tex. R. App. P. 43.2(b); Thompson v. State,
108 S.W.3d 287, 290 (Tex. Crim. App. 2003); Asberry v. State, 813 S.W.2d 526, 529 (Tex.
App.--Dallas 1991, pet. ref'd).