IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2007

## MAURICE TYRONE HENDRIX v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 07-CR-8985     R. Lee Moore, Jr., Judge**

---

**No. W2007-01674-CCA-R3-HC  - Filed July 23, 2008**

---

The petitioner, Maurice Tyrone Hendrix, seeks habeas corpus relief from 1988 Davidson County convictions for four counts of second degree burglary and one count of grand larceny and his resulting effective sentence of thirty-five years.  The petitioner contends that his sentences have expired and that the judgments of conviction are void.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and DAVID G. HAYES, SR. J., joined.

Maurice Tyrone Hendrix, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the parties and documents attached to the petition, the convictions were based upon guilty pleas and were as follows:

| Case no. | Count no. | Offense | Sentence |
|----------|-----------|---------|----------|
| 88-W-321 | 1 | Burglary, second degree | 10 years |
| 88-W-322 | 1 | Burglary, second degree | 10 years |
| 88-W-322 | 3 | Burglary, second degree | 15 years |
| 88-W-322 | 5 | Burglary, second degree | 15 years |
| 88-W-322 | 8 | Grand larceny | 10 years |

The judgments state that count 1 of case number 88-W-321 was to be served consecutively to counts 1 and 3 of case number 88-W-322 and concurrently to counts 5 and 8;[1] count 1 of case number 88-W-322 was to be served consecutively to count 1 of case number 88-W-321 and count 3 of case number 88-W-322 and concurrently to counts 5 and 8; count 3 of case number 88-W-322 was to be served consecutively to count 1 of case number 88-W-321 and count 1 of case number 88-W-322 and concurrently to counts 5 and 8; and counts 5 and 8 were each to be served concurrently to all other counts. The judgments for count 1 of case number 88-W-321 and counts 1 and 3 of 88-W-322 state that the total sentence is thirty-five years.

The petitioner filed a petition for writ of habeas corpus, and the trial court dismissed the petition, finding that the petitioner's effective sentence had not expired, that the judgments were valid, and that the petition stated no basis for habeas corpus relief. On appeal, the petitioner's argument is two-fold: (1) that he continues to be detained despite his sentences having expired and (2) that the judgments of conviction are void because they are based on unenforceable guilty pleas. Regarding the expiration of his sentences, the petitioner argues that according to TDOC records, the sentence for count 5, case number 88-W-322, expired on December 23, 2000, whereas the sentence for count 3 was activated on September 24, 2004, despite the fact that these two sentences were ordered to run concurrently. He argues that count 3 should have expired with count 5, and, because it is the only sentence remaining for him to serve, he is being detained illegally. He further states that even if count 3 did not expire with count 5, he has served the full sentence, when his accumulated "good time/program credits" are taken into account. The petitioner's alternative argument is that his guilty pleas to the above convictions and sentences are unenforceable because the sentences could not mathematically be run consecutively and concurrently in the manner ordered by the judgments and that the judgments, therefore, are void. The state counters that the defendant's thirty-five-year effective sentence has not expired, that the judgments are not void, and that the trial court properly dismissed the petition.

The determination of whether habeas corpus relief should be granted is a question of law which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). Habeas corpus relief will be granted when the petitioner can show that his judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). To this end, a writ of habeas corpus is granted only "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citing Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). The burden is on the petitioner to establish that the judgment is void or that his sentence has expired. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If the petitioner carries this burden, he is entitled to immediate release. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). However, the trial court may dismiss a petition for writ of

---

[1] This judgment actually states that the sentence in count 1 of case number 88-W-322 is to run concurrently to "counts 5 & 7, 88-W-322," but because there is nothing in the record regarding a count 7, we take this to be a clerical error.

habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex. rel. Edmondson v. Henderson, 220 Tenn. 605, 609, 421 S.W.2d 635, 636 (1967); see also T.C.A. § 29-21-109.

In the present case, we conclude that the trial court properly dismissed the petition because it does not state a cognizable claim for relief. The judgments reflect, and the petitioner acknowledges, that his effective sentence, imposed on July 13, 1988, is thirty-five years. The judgment forms attached to the petition state that this effective sentence was ordered by running two ten-year sentences and one fifteen-year sentence consecutively to each other, with the remaining sentences running concurrently to the others. Although the judgment forms state that the two fifteen-year sentences in counts 3 and 5 are to run concurrently with each other, the forms also state that count 3 is to be served consecutively to the two ten-year sentences in count 1, case number 88-W-321 and count 1, case number 88-W-322. With an effective total sentence of thirty-five years, we fail to see how the petitioner's sentences have expired.

We also conclude that there is no merit to the petitioner's argument that he is entitled to habeas corpus relief because his guilty pleas were unenforceable and, thus, his judgments invalid. The petitioner asserts that because his fifteen-year sentence on count 5 was run concurrently to the two ten-year sentences in both counts 1, the count 5 sentence could not also run concurrently to the fifteen-year sentence in count 3. In support of his argument, the petitioner cites cases stating that a guilty plea based on an unenforceable promise is invalid. See Mark A. Percy v. Tenn. Dep't of Corr., No. M2001-01629-COA-R3-CV, Davidson County (Tenn. Ct. App. Feb. 26, 2003); Eric Boyd v. State, No. E2001-02069-CCA-R3-PC, Knox County (Tenn. Crim. App. Oct. 10, 2002); Brett Rae v. State, C.C.A. No. 03C01-9901-CC-00029, Sevier County (Tenn. Crim. App. Jan. 18, 2000). We note initially that none of the cases cited by the petitioner involve habeas corpus proceedings. It is true that sentences imposed in direct contravention of the law are void and illegal and that habeas corpus relief is available in cases in which guilty pleas are induced by legally unenforceable sentences. See, e.g., McLaney v. Bell, 59 S.W.3d 909 (Tenn. 2001), overruled on other grounds by Summers v. State, 212 S.W.3d 251 (Tenn. 2007). In the present case, however, the petitioner has not presented a claim that his sentences violated the law, that the trial court was without jurisdiction to enter the judgments, or even that he entered his guilty pleas under the inducement that he would be serving less than thirty-five years. Therefore, the judgments are not void and the petitioner is not entitled to habeas corpus relief.

We recognize, however, that the judgments entered in the petitioner's case are inconsistent in that they order counts 5 and 8 to run concurrently with the two counts 1 and with count 3, even though those three sentences are run consecutively to each other. This inconsistency created the confusion whereby the petitioner believed that his fifteen-year sentence for count 3 expired with the fifteen-year sentence for count 5, despite that he had not served his full thirty-five year effective sentence. Because the judgments state that the petitioner's effective sentence is thirty-five years, we conclude that the inconsistency in the judgments does not render the judgments void or that the petitioner has otherwise presented a colorable claim for habeas corpus relief. See, e.g., Smith v.

Lewis, 202 S.W.3d 124, 130 (Tenn. 2006) (petitioner's guilty plea and conviction were not void where record did not demonstrate on its face that the illegal provision of early release eligibility was a bargained-for element of petitioner's plea). Furthermore, the petitioner argues that the sentences and judgments are void because they are impossible to serve in the manner indicated by the trial court, not because they violate a particular provision of the law. We conclude that the inconsistency noted in the judgments are clerical errors that do not void the judgments. See Coleman v. Morgan, 150 S.W.3d 887, 890-91 (Tenn. Crim. App. 2004) ("[M]ere clerical errors in the terms of a sentence may not give rise to a void judgment.").

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court dismissing the petition for writ of habeas corpus.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE