# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00707-CR

**Bruce Vincent Felder, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-12-740, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Bruce Vincent Felder was convicted by a jury of family-violence assault.[1]

*See* Tex. Penal Code § 22.01(a)(1). The trial court assessed appellant's punishment at confinement

in the county jail for one year but suspended imposition of the sentence and placed appellant on

community supervision for two years. *See id.* § 12.21; Tex. Code Crim. Proc. art. 42.12, § 3. In two

issues on appeal, appellant challenges the sufficiency of the evidence to support his conviction and

---

[1] Appellant was charged in two indictments with the felony offenses of burglary of a habitation with intent to commit assault and family-violence assault by strangulation. *See* Tex. Penal Code §§ 30.02(a)(1), 22.01(a)(1), (b)(2)(B). However, the jury found appellant guilty of the lesser-included misdemeanor offenses of criminal trespass of a habitation and family-violence assault. *Id.* §§ 30.05(a)(2), (d)(3)(A)(i), 22.01(a)(1). In a separate appeal, this Court affirmed appellant's criminal-trespass conviction. *See Felder v. State*, No. 03-13-00706-CR, 2014 WL 5107024, at *1 (Tex. App.—Austin Oct. 8, 2014, no pet.) (mem. op., not designated for publication).

asserts that the trial court erred by entering an affirmative family-violence finding in its written judgment of conviction. We affirm the conviction.

## BACKGROUND[2]

The jury heard evidence that appellant and his family were attending a "toddler party" at a friend's apartment. The party progressed into the evening and night hours. At some point after midnight, appellant and his 18-year-old daughter, Shanise Felder, argued, and appellant slapped her twice. Later, when Shanise was in a neighboring apartment, appellant entered the apartment and a physical altercation ensued. Testimony from Alyssa Rogers, a resident of the apartment, and Lee Harris, a police officer, established that during the altercation appellant held Shanise in a chokehold with his forearm against her neck.

## DISCUSSION

### Sufficiency of the Evidence

Appellant was charged by indictment with the strangulation assault of his daughter. Specifically, the indictment alleged that appellant committed "Assault (Family Violence/Strangulation)" in that he

> did then and there intentionally, knowingly or recklessly cause bodily injury to Shanise Felder by intentionally, knowingly or recklessly, impeding the normal

---

[2] The parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial. Accordingly, we provide only a general overview of the facts of the case here. We provide additional facts as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. The facts recited are taken from the testimony and other evidence presented at trial.

breathing or circulation of the blood of Shanise Felder by applying pressure to the throat, neck, or mouth of Shanise Felder with [appellant's] arm,

And the said Shanise Felder was then and there a member of [appellant's] family or household or was in a dating relationship with [appellant][.]

The jury convicted appellant of the lesser offense of "Assault (Family Violence/Bodily Injury)." In his first point of error, appellant asserts that the evidence is insufficient to support this conviction because the evidence fails to demonstrate that he caused bodily injury to Shanise.

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013); *see Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The standard of review on appeal is the same for both direct and circumstantial-evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

In reviewing the sufficiency of the evidence, we compare the elements of the offense as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*,

3

444 S.W.3d 4, 8 (Tex. Crim. App. 2014); *Moulton v. State*, 395 S.W.3d 804, 810 (Tex. Crim. App. 2013). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Thomas*, 444 S.W.3d at 8 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Here, to find appellant guilty of family-violence assault, the jury must have determined beyond a reasonable doubt that appellant intentionally, knowingly, or recklessly caused bodily injury to Shanise, who was a member of appellant's family. *See* Tex. Penal Code § 22.01(a)(1); Tex. Fam. Code § 71.003.

The Texas Penal Code broadly defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." *See* Tex. Penal Code § 1.07(a)(8). Any physical pain, however minor, will suffice to establish bodily injury. *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012); *see Laster*, 275 S.W.3d at 524. Further, testimony that a victim experienced pain is not required to prove bodily injury; "the jury is permitted to draw reasonable inferences from the evidence, including an inference that the victim suffered pain as a result of her injuries." *Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.); *see Hollar v. State*, No. 03-13-00445-CR, 2014 WL 4058834, at *2 (Tex. App.—Austin Aug. 14, 2014, no pet.) (mem. op., not designated for publication). A fact finder may infer that a victim actually felt or suffered physical pain, because people of common intelligence understand pain and some of the natural causes of it. *Garcia*, 367 S.W.3d at 688; *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.); *see also Wawrykow v. State*, 866 S.W.2d 96, 99 (Tex.

4

App.—Beaumont 1993, no pet.) (explaining that "juries are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence").

"Physical pain" is not the only aspect of bodily injury; the statutory definition of bodily injury also includes "impairment of physical condition." *Aguilar v. State*, 263 S.W.3d 430, 434 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd); *see* Tex. Penal Code § 1.07(a)(8). While the Penal Code does not define "physical impairment," Texas courts have interpreted "impairment" to include the diminished function of a bodily organ. *Garcia*, 367 S.W.3d at 688; *see, e.g.*, *Camarillo v. State*, 82 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.) (impairment when injury to victim's nose rendered breathing difficult); *Adams v. State*, 969 S.W.2d 106, 111 (Tex. App.—Dallas 1998, no pet.) (impairment when defendant's conduct interfered with victim's ability to stand and walk).

In this case, Shanise did not testify at trial. However, Alyssa Rogers, a resident of the neighboring apartment, described appellant's physical altercation with his daughter in her apartment. Rogers testified that appellant came into her apartment uninvited, ignored her repeated commands to leave, "stormed right past [her]," and pushed Shanise as she sat in a chair at the dining table. The chair hit the wall, and Shanise fell to the floor. Appellant then grabbed Shanise and picked her up off the floor. Rogers testified that she turned away to try to find a phone to call 911 but was unsuccessful. When she turned back, appellant "had [Shanise] by the neck like this, choking her." She demonstrated the hold that appellant had on his daughter as she described it. Rogers further testified, "[Shanise] couldn't breathe, she couldn't speak. She had begged for help right before then and then she was just quiet, that's how I knew something was wrong. Because I was

looking for the phone on the ground and then all of a sudden it was . . . just her choking. And she—I thought he was gonna make her pass out or worse." Due to the severity of the situation, Rogers attempted to physically intervene.

The end of the altercation was witnessed by Lee Harris, a patrol officer with the San Marcos Police Department who responded to the Rogerses' apartment in answer to a 911 call concerning a family disturbance. Officer Harris testified that when he arrived, he observed three people involved in a physical altercation at the top of the apartment's stairs. Shanise was directly in front of appellant, and he had her in a headlock "strangulating her." Rogers was on top of appellant trying to break appellant's hold on Shanise. During his testimony, the officer demonstrated appellant's hold on his daughter with the prosecutor, noting the size differential between appellant and his daughter. In addition, Officer Harris testified that Shanise's eyes "were huge," and he indicated that she could not breathe or talk as she struggled to get appellant's arm off her neck. The officer said that when the altercation ceased after his verbal commands, Shanise "kind of, leaned down, like that, put her hands on her knees and leaned over," and then he demonstrated her position. He observed that afterwards, Shanise was "terrified," "upset," and "crying." On cross-examination, Officer Harris confirmed that the altercation he observed was "an intense struggle," "a violent struggle," and that Shanise was "visibly upset, crying, shaking, the whole nine yards."

Thus, both Rogers and Officer Harris provided detailed testimony regarding appellant's conduct toward his daughter during the physical altercation. Both witnesses testified that appellant held Shanise in a headlock with his forearm across her neck, "strangulating" or "choking" her; that Shanise was struggling to break appellant's hold on her; that Shanise was unable to speak

6

or adequately breathe when appellant had her in the headlock; and that Shanise was visibly upset and crying. Viewing the above evidence and all reasonable inferences therefrom in the light most favorable to the verdict, we conclude that the evidence is sufficient to prove that appellant caused Shanise either physical pain or impairment of her physical condition when he held her in a chokehold. The jury was able to see and hear both Rogers and Officer Harris during their testimony and observe their demonstrations of what appellant did to Shanise. The jury was thus in a better position than this Court to infer whether Shanise suffered physical pain or physical impairment while appellant held her in a headlock with his forearm across her neck. There is enough evidence in the record to conclude that the jury's inference of physical pain or impairment was reasonable. The combined and cumulative force of the above evidence is sufficient for the jury, informed by common sense and knowledge of what causes physical pain and impairment, to reasonably infer that appellant caused Shanise "bodily injury."

Appellant's argument that the evidence fails to demonstrate that he caused bodily injury to his daughter is contingent on eliminating from consideration all the evidence concerning appellant's headlock on his daughter. Appellant maintains that the jury's not guilty verdict on the charged offense of felony family-violence assault by strangulation demonstrates that the jury concluded that appellant did not assault Shanise by strangulation. Thus, according to appellant, the misdemeanor family-violence assault conviction cannot be supported by evidence of the strangulation assault. However, inconsistent verdicts, even when based on the same evidence, do not require reversal on the ground of legal insufficiency. *Dunn v. United States*, 284 U.S. 390, 393–94 (1932); *Thomas v. State*, 352 S.W.3d 95, 101 (Tex. App.—Houston [14th Dist.] 2011, pet.

7

ref'd); *Jackson v. State*, 3 S.W.3d 58, 61 (Tex. App.—Dallas 1999, no pet.); *see Williams v. State*, No. 03-11-00598-CR, 2013 WL 6921489, at *6 (Tex. App.—Austin Dec. 31, 2013, pet. ref'd), *cert. denied*, 135 S. Ct. 103 (2014) (mem. op., not designated for publication); *Moore v. State*, No. 04-12-00490-CR, 2013 WL 3148650, at *1 (Tex. App.—San Antonio June 19, 2013, pet. ref'd) (mem. op., not designated for publication). Inconsistent verdicts may simply result from a jury's desire to be lenient or to grant its own form of executive clemency. *See Dunn*, 284 U.S. at 393; *Thomas*, 352 S.W.3d at 101; *Jackson*, 3 S.W.3d at 61. Even when an inconsistent verdict might have been the result of compromise or mistake, the verdict should not be upset by appellate speculation or inquiry into such matters. *United States v. Powell*, 469 U.S. 57, 64–67 (1984) (reaffirming *Dunn* rule); *Jackson*, 3 S.W.3d at 61; *see Dunn*, 284 U.S. at 394. Consequently, when an appellant asserts a conflict between a jury's verdicts on the same facts, we are limited solely to determining whether there is sufficient evidence to support the charge on which a conviction is returned. *Williams*, 2013 WL 6921489, at *6; *Moore*, 2013 WL 3148650, at *1; *see Dunn*, 284 U.S. at 393–94; *see also West v. State*, No. 03-01-00309-CR, 2002 WL 1289749, at *2 (Tex. App.—Austin June 13, 2002, pet. ref'd) (not designated for publication) ("Where the findings of the jury are inconsistent, the court shall look only to whether the evidence is sufficient to sustain the verdict."). We examine the sufficiency of the evidence to support the verdict rather than speculate on how the jury arrived at its verdict. *Williams*, 2013 WL 6921489, at *6*; *Jackson*, 3 S.W.3d at 61–62; *see Dunn*, 284 U.S. at 394. What the fact-finder did with the remainder of the charge is immaterial. *Williams*, 2013 WL 6921489, at *6; *Moore*, 2013 WL 3148650, at *1; *Jackson*, 3 S.W.3d at 62.

As discussed above, the evidence at trial showed that appellant held his daughter in a headlock, choking her and rendering her unable to speak or sufficiently breathe. This evidence is sufficient to support appellant's conviction for causing bodily injury to his daughter. It is irrelevant that the jury acquitted him of the greater felony offense. Accordingly, we hold that the evidence is sufficient to support appellant's conviction for family-violence assault. We overrule appellant's first issue.[3]

## Affirmative Finding of Family Violence

In his second point of error, appellant contends that the trial court erred in entering an affirmative finding of family violence in the written judgment of conviction.

Under article 42.013 of the Texas Code of Criminal Procedure, the trial court is charged with making an affirmative finding of family violence whenever the facts of the case support one. *See* Tex. Code Crim. Proc. art. 42.013; *Goodwin v. State*, 91 S.W.3d 912, 918 (Tex. App.—Fort Worth 2002, no pet.); *see also Snowden v. State*, No. 05-09-00652-CR, 2012 WL 360804, at *1 (Tex. App.—Dallas Feb. 6, 2012, no pet.) (not designated for publication). The statute provides:

> In the trial of an offense under Title 5, Penal Code [Offenses Against the Person], if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

---

[3] Because we conclude that the evidence relating to appellant choking his daughter while holding her in a headlock is sufficient to support his conviction for family-violence assault, we do not address appellant's alternative argument that the evidence relating to appellant slapping his daughter is insufficient to support the conviction. *See* Tex. R. App. P. 47.1, 47.4.

9

Tex. Code Crim. Proc. art. 42.013. Included in the Family Code's definition of "family violence" is an act by a member of a family against another member of the family "that is intended to result in physical harm, bodily injury, [or] assault . . . or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, [or] assault." *See* Tex. Fam. Code § 71.004(1). Biological children are "family" for the purposes of section 71.004. *See id.* § 71.003 (defining "family" to include individuals "related by consanguinity"); Tex. Gov't Code § 573.022(a)(1) (providing that "[t]wo individuals are related to each other by consanguinity if one is a descendant of the other").

In the instant case, appellant was convicted of assault, an offense under Title 5 of the Penal Code, for causing bodily injury to Shanise. *See* Tex. Penal Code § 22.01(a)(1). The undisputed evidence at trial demonstrated that Shanise is appellant's biological daughter. Thus, appellant's assault of Shanise constitutes family violence. *See, e.g.*, *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) ("For the purposes of the Texas Family Code, therefore, appellant and the complainant are 'family,' and appellant's assault of the complainant constitutes family violence."). Consequently, the entry of the affirmative finding of family violence in the written judgment of this case was not error. *See id.* In fact, on this record, we conclude that the trial court was statutorily obligated to enter an affirmative finding of family violence in its judgment of conviction for this offense. *See id.*; Tex. Code Crim. Proc. art. 42.013; *see also Suiters v. State*, No. 07-13-00352-CR, 2014 WL 4459135, at *1 (Tex. App.—Amarillo Sept. 10, 2014, pet. filed) (mem. op., not designated for publication) ("If the State charges an accused with a crime within the scope of § 71.004 and the evidence supports a verdict that the crime was committed, the finding must

be entered by the trial court by statute."); *Johnson v. State*, 409 S.W.3d 738, 743 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (because appellant stipulated that he committed aggravated assault against individual with whom he was in dating relationship, "appellant was undisputedly convicted of an offense involving family violence, thereby requiring the trial court to enter an affirmative finding of family violence in its judgment").

Appellant does not dispute his familial relationship with Shanise. Rather, he argues that because there was no evidence of assault (as argued in his first point of error), there was no evidence of family violence. Having rejected his claim of insufficient evidence regarding his conviction for assault, we disagree. The State presented evidence that appellant held Shanise, his biological daughter, in a headlock choking her and rendering her unable to breathe or speak. Such evidence sufficiently supports the trial court's finding of family violence. *See Agbogwe v. State*, 414 S.W.3d 820, 840 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("If the victim of the specific offense [under Title 5 of the Penal Code] is a member of the defendant's family or household, then the affirmative finding is justified.").

Appellant also contends that the affirmative finding of family violence is insupportable because the statute requires a determination by the judge that the defendant's acts were family violence, and "[t]he record is devoid of any 'determination' by the trial court that the offense involved family violence as that phrase is defined in the law." We find appellant's argument to be without merit. First, appellant cites to no authority that such a determination by the trial court must be formally made on the record. Second, the record here does in fact reflect that the trial court made such a determination. The jury found appellant guilty of "Assault (Family Violence/Bodily Injury)"

11

and the court accepted the verdict and stated it was "render[ing] judgment" thereon. Further, the record shows that at the sentencing hearing, the trial judge imposed the "Domestic Violence Program" (attendance and completion thereof) as a condition of appellant's community supervision. The trial judge's imposition of this condition after accepting the jury's verdict, combined with his recognition that Shanise was appellant's daughter during discussions about whether to limit appellant's contact with her, reflect a determination by the trial court that a family relationship existed between appellant and Shanise and that the assault appellant committed against her constituted family violence. *See Black's Law Dictionary* 1705–06 (9th ed. 2009) (noting that "domestic violence" is synonymous with "family violence"). Therefore, contrary to appellant's assertion, the record does reflect the trial court's determination that the offense appellant committed involved family violence. Based on that determination, the trial court was obligated to enter an affirmative finding of family violence in its written judgment. *See Thomas v. State*, 150 S.W.3d 887, 889 (Tex. App.—Dallas 2004, pet. ref'd) ("[T]he trial court had no discretion in entering a family violence finding once it determined the offense involved family violence.").

Appellant also challenges the family-violence finding because the family-violence issue was not independently submitted to the jury. However, the trial court, not the jury, determines whether an affirmative family-violence finding should be made. *See Butler*, 189 S .W.3d at 302–03; *Rodriguez v. State*, No. 01-05-00589-CR, 2006 WL 2042513, at *3–6 (Tex. App.—Houston [1st Dist.] July 20, 2006, no pet.) (mem. op., not designated for publication). The plain language of article 42.013 assigns the responsibility for making the family-violence determination solely to the trial court. *Butler*, 189 S.W.3d at 302; *see* Tex. Code Crim. Proc. art. 42.013. Further, the statute

12

requires the trial court to make a family-violence finding if it determines that the offense involved "family violence" as defined in the Family Code. The statute does not make this determination contingent on the jury's verdict. This obligation exists based on the court's own determination regardless of any finding, or lack thereof, by the jury.

Finally, in his brief, appellant suggests that his right to due process was violated because he did not receive notice that a family-violence determination would be made. First, we note that the statute itself does not require notice. *See* Tex. Code Crim. Proc. art. 42.013; *see also Suiters*, 2014 WL 4459135, at *1 ("Simply put, no prior notice of the intent to secure a family violence finding must be given."); *Williams v. State*, No. 05-10-00696-CR, 2011 WL 3484807, at *4 (Tex. App.—Dallas Aug. 10, 2011, pet. ref'd) (not designated for publication) ("Nothing in [article] 42.013 itself requires that the State give notice that it intends to seek a finding. To the contrary, a trial court is statutorily obligated to make the finding if the court determines the offense involved family violence."); *Hernandez v. State*, 280 S.W.3d 384, 388 (Tex. App.—Amarillo 2008, no pet.) (noting absence of authority requiring such notice). Second, we do not believe that under the circumstances of this case, appellant was entitled to notice.[4] *See Thomas*, 150 S.W.3d at 888 ("We question, however, whether a defendant is entitled to any notice of the State's intent to seek

---

[4] Appellant asserts the implication of due process principles based on his contention that the family-violence determination "carries adverse consequences." However, a finding of family violence impacts a defendant's sentence only if the defendant has previously committed a family-violence assault. *See* Tex. Penal Code § 22.01(b)(2)(A) (upon proof of prior assault involving family violence, subsequent assault involving family violence is increased from class A misdemeanor to third-degree felony). The finding does not increase punishment in the instant case as there was no prior family-violence conviction alleged or proven. *See Williams v. State*, No. 05-10-00696-CR, 2011 WL 3484807, at *4 (Tex. App.—Dallas Aug. 10, 2011, pet. ref'd) (not designated for publication).

13

a first-offense family violence finding that could not have any impact on punishment."). Here, the trial court's affirmative finding of family violence did not serve to alter or change the character of appellant's conviction. Nor did it impact appellant's sentence.

Moreover, even if notice was required, appellant received sufficient notice in this case. In the indictment, following the paragraph alleging the commission of the assault, the State alleged in a separate paragraph that Shanise Felder was "then and there a member of [appellant's] family." As noted previously, for the purposes of the Family Code, appellant and Shanise were "family." *See* Tex. Fam. Code § 71.003. And under the Code of Criminal Procedure, the trial court had no discretion in entering a family-violence finding once it determined the offense involved family violence. *See* Tex. Code Crim. Proc. art. 42.013; *see also Suiters*, 2014 WL 4459135, at *1 ("[T]he certainty of the statutory requirement [of article 42.013] is presumed to be known by each citizen given the legal truism that all are presumed to know the law."). Accordingly, appellant had all the notice necessary to prepare for the court to enter a family-violence finding. Charging the crime provided notice in and of itself. *See Suiters*, 2014 WL 4459135, at *1; *Thomas*, 150 S.W.3d at 888–89; *cf. Narron v. State*, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992) (holding defendant had sufficient notice of State's intent to seek deadly weapon finding where indictment alleged defendant possessed firearm, which is deadly weapon per se).

Furthermore, appellant suffered no harm from any purported lack of notice. Texas law defines family violence to include an assault against an individual who is a member of the defendant's family. *See* Tex. Fam. Code §§ 71.003, .004. The familial relationship between appellant and Shanise was not disputed, only the commission of the assault. Because appellant could

14

not avoid the legal reality of his familial relationship with Shanise, even a more formal notice that the State would seek (or the trial court would enter) a family-violence finding would not have changed the outcome of appellant's case upon conviction for assaulting his daughter. Any error was harmless. *See* Tex. R. App. P. 44.2(a) (court must reverse unless it determines beyond a reasonable doubt that constitutional error did not contribute to conviction or punishment), (b) (court must disregard non-constitutional error that does not affect appellant's substantial rights).

For the foregoing reasons, we conclude that the trial court did not err in entering an affirmative finding of family violence in its written judgment. We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's two issues, we affirm the trial court's judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 19, 2014

Do Not Publish