NO. 07-07-0263-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 24, 2008

_____

JOEL L. HERNANDEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2006-499,028; HON. RUSTY LADD, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

Appellant, Joel L. Hernandez, appeals his conviction for assault-domestic violence, and sentence of 365 days incarceration and fine of $4,000 contending that the evidence was legally and factually insufficient. Further, appellant contends that the trial court erred in making an affirmative finding of domestic violence. We affirm.

Background

On April 3, 2006, Rebecca Rodriguez drove appellant to a liquor store in Lubbock, Texas, and stopped at the drive up window where Jon Fisher was working. Fisher took their order for a six pack of beer and left the window to retrieve their order. When Fisher returned to the window, Rodriguez was upset and began asking for help. Rodriguez left the vehicle and ran into the store screaming for help with appellant coming into the store shortly after Rodriguez. Fisher, his store manager, and another employee came to Rodriguez's aid and kept appellant away from her. The store manager called 911 and convinced appellant to leave the store. Fisher noticed injuries to Rodriguez including scratches to her neck and red marks on her face. When Corporal Harvey arrived, he took a statement from Fisher and Rodriguez as well as photographs of Rodriguez's injuries. Other personnel from the Sheriff's Office located appellant approximately a mile away. Harvey, as the lead officer in the investigation, went to the site where appellant was stopped and spoke with appellant. Upon receiving appellant's version of the incident wherein he claimed he was the victim of an assault by Rodriguez, Harvey examined appellant but did not find any injuries. Harvey then decided to arrest appellant for assault-domestic violence.

At trial, Rodriguez recanted her statement that appellant had assaulted her and testified that some of the injuries photographed by Harvey were injuries she sustained while doing yard work earlier in the day. Further, Rodriguez explained that her hysteria, as observed by the store employees, was actually a panic attack due to an adverse

reaction to medication she was taking for anxiety and depression. Rodriguez also stated that further injuries were sustained when, as a passenger in the vehicle, she attempted to get out of the moving car and appellant tugged on her seat belt to prevent her from hurting herself. Finally, Rodriguez testified that she had signed a non-prosecution affidavit and did not wish for the State to prosecute appellant for any assaultive offense against her that evening. The jury convicted appellant and sentenced him to 365 days incarceration and a fine of $4,000.

Appellant now appeals by two issues, contending that the evidence was not legally or factually sufficient to uphold the conviction and that the trial court erred in making an affirmative finding of family violence because the evidence did not show that appellant and Rodriguez were married, the parents of any children, or lived in the same household at the time of the offense. We affirm.

Sufficiency Review

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

By charging appellant with assault, the State must prove that appellant intentionally and knowingly or recklessly caused bodily injury to another.  TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2008).  An assault conviction is considered a domestic violence assault if the trial judge ". . . determines that the offense involved family violence, as defined by Section 71.004 [of the Texas] Family Code." TEX. CODE CRIM. PROC. ANN. art. 42.013 (Vernon 2006).  Appellant contends that the evidence is insufficient to show that appellant caused injury to Rodriguez as well as insufficient to show a relationship necessary to support a conviction for domestic violence assault.

The evidence in this cause showed, and it is uncontested, that Rodriguez did suffer several injuries.  At trial, Rodriguez testified that, although some of the injuries occurred while doing yard work, she testified that the injuries on her neck were caused by appellant while he was keeping her in the moving car.  Therefore, it is also undisputed that appellant did cause bodily injury to appellant.  However, appellant's state of mind when he caused Rodriguez's bodily injuries is contested.  Although Rodriguez testified at trial that appellant did not assault her, but was protecting her, the jury heard testimony about Rodriguez's statement to the employees of the liquor store and Harvey where she claimed that appellant had assaulted her.  Further, the jury heard from these witnesses that Rodriguez appeared afraid of appellant and that Rodriguez stated that appellant had attacked her.  Thus, contrary to Rodriguez's in-court testimony, the jury had evidence before it that appellant had intentionally, knowingly, or recklessly assaulted her.  As to the parties' relationship, the jury heard from Rodriguez that the parties were living together at the time of the assault.  Consequently, the jury had evidence as to appellant's state of mind when

he caused bodily injury to Rodriguez as well as to the parties' relationship. Hence, we conclude that the evidence, viewed in the light most favorable to the verdict, was sufficient to allow a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. Ross, 133 S.W.3d at 620.

Having found the evidence legally sufficient, we next review the factual sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 414. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant argues that Rodriguez's testimony and her affidavit of non-prosecution demonstrates that Rodriguez was not assaulted. However, as a reviewing court, we defer to the jury's determination of the credibility of the witnesses. See Watson, 204 S.W.3d at

414. The jury could have disregarded Rodriguez's in-court testimony and focused on the photographs of Rodriguez's injuries and her statements that appellant had assaulted her that she made to the store employees and the sheriff's deputy on the night of the incident. Appellant also argues that the employees' testimony is not probative because the employees never testified to seeing appellant actually assault Rodriguez.

However, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. Guevara v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). Circumstantial evidence alone is sufficient to establish guilt. Id. Furthermore, the standard of review on appeal is the same for both direct and circumstantial evidence cases. Id.

In this cause, the employees testified as to Rodriguez's demeanor when she ran into the store and her fear of appellant, whom she claimed had assaulted her. The photographs of Rodriguez also show injuries that Harvey testified were not consistent with Rodriguez's account of the injuries being caused by yard work or a seat belt, but were rather consistent with several strikes or blows to Rodriguez. Finally, though appellant claims that some ambiguity existed as to whether he was living with Rodriguez at the time of the assault, appellant fails to reference this court to any specific testimony supporting his position. However, the record does indicate that Rodriguez stated that appellant was living with her on the date of the assault. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See Watson, 204 S.W.3d at 417. We do not find an objective basis in the record that the great

weight and preponderance of the evidence contradicts the jury's verdict. Therefore, we conclude that, considering all the evidence in a neutral light, the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. See id. at 415.

Affirmative Finding of Domestic Violence

In an assault case, a trial judge must make an affirmative finding of domestic violence if he "determines that the offense involved family violence." TEX. CODE CRIM. PROC. ANN. art. 42.013 (Vernon Supp. 2006); Butler v. State, 189 S.W.3d 299, 302 (Tex.Crim.App. 2006). In reviewing a trial court's ruling on a mixed question of law and fact: (1) if the resolution turns on an evaluation of credibility and demeanor, we afford almost total deference to the trial court's finding of fact, viewing the evidence in the light most favorable to the ruling; and (2) we review *de novo* a resolution that does not turn on evaluation of credibility. State v. Cagle, 77 S.W.3d 344, 347 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd). The Texas Family Code defines "family violence" to include an assault ". . . by a member of a family or household against another member of a family or household. . . ." TEX. FAM. CODE ANN. § 71.004(1) (Vernon Supp.2002). A "household," in turn, is "a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." Id. at § 71.005.

First, appellant complains that the State did not give notice of its intent to seek an affirmative finding in the information, did not present any evidence on family violence to the

jury, and did not ask for an affirmative finding until after sentencing.[1] However, appellant has not cited any authority demonstrating that the State was required to give notice of its intention to seek an affirmative finding. See Thomas v. State, 150 S.W.3d 887, 888-89 (Tex.App.–Dallas 2004, pet. ref'd) (no harm, even if the information did not formally inform appellant of the State's intent to seek affirmative finding). Further, article 42.013 of the Texas Code of Criminal Procedure places the duty of making an affirmative finding of domestic violence upon the trial judge if "the court determines that the offense involved family violence, as defined by Section 71.004 [of the Texas] Family Code." TEX. CODE CRIM. PROC. ANN. art. 42.013 (Vernon 2006). Finally, under article 42.013, the trial court has no discretion in entering a family violence finding once it determines the offense involved family violence. Thomas, 150 S.W.3d at 889. In this case, only Rodriguez presented evidence as to whether her relationship with appellant could be classified as a familial, dating, or household relationship. Considering that, as a general rule, an appellate court should afford almost total deference to a trial court's finding of fact, especially when its finding is based on an evaluation of credibility and demeanor, see Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997), we will not overturn a trial court's determination absent an abuse of discretion. See id. Since Rodriguez testified that appellant was living

---

[1] Arguably, appellant has waived his right to raise any complaint on appeal of the trial court's affirmative finding of domestic violence since he did not object at the time the trial court made the finding. TEX. R. APP. P. 33.1; Villarreal v. State, No. 01-01-00053-CR, 2002 WL 501605, at *2 (Tex.App.–Houston [1st Dist.] April 4, 2002, no pet.) (not designated for publication). However, in an abundance of caution, we will analyze appellant's contention.

with her at the time of the offense, we conclude that the trial court did not err in making an affirmative finding of domestic violence.[2]

<u>Conclusion</u>

For the foregoing reasons, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Publish.

---

[2]Appellant has also argued constitutional implications of the affirmative finding of domestic violence, but he has provided no citations and, thus, has inadequately briefed this issue. TEX. R. APP. P. 38.1(h). Since the affirmative finding of domestic violence does not raise the punishment range in the instant case, no harm is evident, <u>see</u> <u>Butler v. State</u>, 189 S.W.3d 299, 303 (Tex.Crim.App. 2006). Further, any contention that an affirmative finding could detrimentally affect appellant in future family violence assault cases is premature and, consequently, not ripe for review. <u>See</u> <u>Butler v. State</u>, 162 S.W.3d 727, 732 (Tex.App.–Fort Worth 2005, pet. granted) <u>aff'd</u> 189 S.W.3d 299 (Tex.Crim.App. 2006).