NO. 07-08-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 22, 2008
_____

IGNACIO NAVARRO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17452-0711; HON. ROBERT W. KINKAID, JR., PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Ignacio Navarro seeks reversal of his conviction for assault causing bodily injury to a family member by challenging the legal and factual sufficiency of the evidence. We affirm.

*Law*

The standards by which we review the sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61

L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006) for their explanation.

*Application of Law*

Per a statement by Tricia Lozano, appellant was charged with assaulting her. Though not his wife, she lived with him and bore him a child. Upon taking her statement, the investigating officer also took numerous photographs of Lozano's bruises. However, at trial, she recanted and denied that her attacker was appellant. Instead, a jealous woman allegedly inflicted the beating upon her when the woman found Lozano with the woman's significant other. The jury nonetheless convicted appellant after viewing all the evidence.

Given the recantation, appellant now contends that no evidence supports his conviction. This is allegedly so because Lozano's prior inconsistent statement, which was admitted into evidence, could only be used for impeachment purposes, as opposed to substantive evidence of guilt. We disagree and overrule the issue.

That Lozano was beaten and suffered injury from the beating is uncontested. Dispute arises regarding the identity of her assailant. Again, Lozano originally told the investigating officer that appellant attacked her. This was reiterated during a prior judicial proceeding wherein she sought a protective order against him. Yet, the accusation was retracted at his criminal trial. After the retraction, the trial court allowed the prosecutor to ask Lozano about her prior statement and its contents. Though she admitted that part of the statement was right, she deemed false those portions which indicated that appellant beat her. While this was occurring, appellant did not object to the disclosure of the statement's content in open court. Nor did he ask the trial judge for an instruction limiting

2

the purposes for which the jury could consider the prior inconsistent statement. Such an instruction was included in the jury charge, however, and therein lies the rebuttal to the complaint before us. If the statement given by Lozano to the officer was admissible only for impeachment purposes, it was incumbent upon appellant to solicit the requisite limiting instruction at the time the evidence was proffered and received. We garner this from the teachings of our Court of Criminal Appeals.

In *Garcia v. State*, 887 S.W.2d 862 (Tex. Crim. App. 1994), the Court told us that a "party opposing evidence has the burden of objecting and requesting the limiting instruction *at the introduction of the evidence*." *Id.* at 878 (emphasis added); *accord Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001) (reaffirming the holding in *Garcia*). This mandate later was followed by the declaration that a limiting instruction (if timely requested) *must* be given at the time the evidence is admitted; it cannot await inclusion for the first time in the jury charge. *Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996). To so delay gave the factfinder opportunity to use the evidence improperly, according to the Court. *Id.* at 712. The latter, in fact, thought it "impossible" for the jury to go back at the close of trial and reassess the evidence in light of a belated limiting instruction. *Hammock v. State*, 46 S.W.3d at 895. This concern most likely provided the foundation for the Court's reiteration, most recently in *Delgado v. State*, 235 S.W.3d 244 (Tex. Crim. App. 2007), that "[o]nce evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes." *Id.* at 251; *accord Garcia v. State*, 887 S.W.2d at 878-79 (stating similarly). Admittedly, the

3

situation before us differs somewhat from those in *Garcia*, *Hammock*, and *Delgado*. Yet, the concerns underlying those decisions exist no less here.

We have before us a trial wherein prior inconsistent statements uttered by Lozano were received into evidence. Though the jury was arguably limited to considering them solely for impeachment purposes, *see Adams v. State,* 862 S.W.2d 139, 147 (Tex. App.– San Antonio 1993, pet. ref'd), appellant did not ask for an instruction having that effect.[1] Furthermore, Lozano was one of the first witnesses to testify. So, throughout the presentation of evidence during the guilt/innocence phase of the proceeding, nothing precluded the jurors from considering her statement to the officer for any and all purposes, as per *Delgado* and *Garcia*. Yet, when directed to retire and decide appellant's fate, those jurors were told to restrict the purposes for which they could weigh the prior statements. This placed them in the exact situation the Court of Criminal Appeals sought to avoid in *Garcia*, *Hammock*, and *Delgado.* They were asked to do what that Court deemed "impossible" in *Hammock*, that is, to somehow forget about how they viewed the statement, its effect upon their perception of innocence or guilt, and its unbridled interaction with the other evidence they heard. Given the similarity between the concerns voiced in *Hammock* to those before us, we see no reason why the holding in it, *Garcia*, and *Delgado* should not apply to the situation at bar. Consequently, the limiting instruction at bar came too late.

---

[1]Other evidence of record illustrated that Stephanie Cordino, with the Crisis Center of Plainview, assisted Lozano in obtaining a protective order against appellant. Lozano admitted that her testimony at that hearing mirrored the substance of what she told the investigating officer. Because that testimony is not hearsay, its use is not restricted to impeachment purposes. *See* Tex. R. Evid. 801(e) (a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination, and the statement is inconsistent with the declarant's testimony and was given under oath subject to the penalty of perjury at a hearing). *Grimes v. State*, No. 07-04-0390-CR, 2006 Tex. App. Lexis 336 at *3 (Tex. App.–Amarillo January 13, 2006, pet. ref'd); *Miranda v. State,* 813 S.W.2d 724, 735 (Tex. App. - San Antonio 1991, pet. ref'd).

4

Our jury was free to consider the evidence for all purposes since it was not instructed otherwise when it first heard it. So, since it was free to so consider the statement as evidence of appellant's guilt if it so chose, logic dictates that we too may do so in determining whether the jury's verdict enjoyed evidentiary support. And, to the prior statement we add Lozano's admissions at trial illustrating that appellant was pacing, that they went to the bedroom, that appellant was yelling at her, and that appellant pushed her down on the bed and sat on her legs during the fight. The total derived is more than some evidence upon which a rational factfinder could conclude, beyond reasonable doubt, that appellant committed the assault for which he was convicted. Moreover, Lozano's recantation and previously undisclosed explanation for her bruises was something the jury was free to accept or reject. *See Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (recognizing that the jury could disbelieve a witness' recantation). And, in apparently rejecting her new story, the jury could lawfully find him culpable without fearing that the evidence of guilt was weak or overwhelmed by contradictory evidence.

Accordingly, we hold that the evidence of record was both legally and factually sufficient to support the verdict and, therefore, affirm the trial court's judgment.


Brian Quinn
Chief Justice


Publish.