NO. 07-10-0026-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
19, 2010

 



 

ALFRED JOHN MCDONALD, 

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE COUNTY CRIMINAL COURT NO. 1
OF DENTON COUNTY;

 

NO. CR-2009-02848-A; HONORABLE JIM
CROUCH, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Alfred John McDonald was convicted of
assault against his wife and sentenced to 120 days confinement in the county
jail and a fine of $4,000.  He contends
in four issues that the evidence is insufficient to sustain that
conviction.  We disagree and affirm the
judgment.       

            We review
challenges to the sufficiency of the evidence by the standards discussed in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979)[1]
and Watson v. State, 204 S.W.3d 404
(Tex. Crim. App. 2006).  Appellant argues
that the evidence is insufficient to show that he caused bodily injury to the
complainant by pushing her, striking her, or choking her with his hand as
alleged in the information because the complainant testified that appellant
only pushed her to the bed.[2]  When different means of committing the same
offense are submitted to the jury, a general verdict is proper if the evidence
is sufficient to support any one of those means.  Kitchens
v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).  

Bodily injury means “physical pain, illness,
or any impairment of physical condition. 
Tex. Penal Code Ann. §1.07(a)(8)
(Vernon Supp. 2009). A jury may reasonably infer that the victim suffered pain
as a result of her injuries.  Arzaga v. State, 86 S.W.3d 767, 778
(Tex. App.–El Paso 2002, no pet.); Goodin
v. State, 750 S.W.2d 857, 859 (Tex. App.–Corpus Christi 1988, pet.
ref’d).  Moreover, a jury may apply
common sense, knowledge, and experience gained in ordinary life when making such
reasonable inferences.  Eustis v. State, 191 S.W.3d 879, 884
(Tex. App.–Houston [14th Dist.] 2006, pet. ref’d).  The existence of a bruise or scrape on the
body is sufficient evidence of physical pain. 
Arzaga v. State, 86 S.W.3d at
778.    

In the light most favorable to the verdict,
the evidence shows:  1) the victim made a
911 call in which she stated that appellant hit her, 2) the victim told a
responding police officer that appellant had broken into the bedroom, squeezed
her so tight she could not breathe, hit her, and choked her with his hands, 3)
the door frame to the bedroom was damaged, 4) the victim’s pants were torn, 5)
appellant had a scratch on his face, 6) the victim had red marks on her neck
consistent with someone’s hands as well as scratches and a red mark on her arms,
and 7) when questioned as to whether those injuries hurt, she responded, “I
guess . . . I was crying and mad, and then maybe that’s what I say. ”  The jury could have reasonably inferred from
this evidence, beyond a reasonable doubt, that 
appellant pushed, struck, or choked the victim and that she suffered
pain from those actions.  

It is true that the victim denied at trial
that appellant had struck her or choked her although she admitted that they had
argued and he had pushed her on the bed. 
She further attempted to explain that the bedroom door had been
previously damaged and that she had sustained the physical injuries in
wrestling with her husband, son and nephew a couple days earlier and that she
had sensitive skin.  The inconsistencies between
the victim’s statements to police and her testimony at trial were for the jury
to resolve, and it was free to disbelieve any recantation of the statements
made to police. Chambers v. State, 805
S.W.2d 459, 461 (Tex. Crim. App. 1991); Navarro
v. State, 280 S.W.3d 405, 407 (Tex. App.–Amarillo 2008, no pet.).  Furthermore, the jury’s resolution of those
matters is not so against the great weight of the evidence as to undermine our
confidence in it.  

 

Accordingly, we overrule appellant’s issues
and affirm the judgment. 

 

                                                                        Per
Curiam

Do not publish.

 

 








 











[1]Appellant’s
first issue is whether the trial court erred in failing to grant an instructed
verdict.  Such a contention is a
challenge to the legal sufficiency of the verdict.  Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  In his other three issues, he merely states
that the evidence is insufficient and does not specify as to whether he is
challenging the legal or factual sufficiency of the evidence. 





[2]A
person commits assault if he intentionally, knowingly, or recklessly causes
bodily injury to another, including the person’s spouse.  Tex.
Penal Code Ann. §22.01(a)(1) (Vernon Supp.
2009).