**AFFIRM; and Opinion Filed July 12, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-11-01528-CR

**ROBERT EUGENE COLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80133-2011**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Appellant appeals his conviction for aggravated assault. After the jury found appellant guilty, the trial court assessed punishment at twenty years' confinement. In a single point of error, appellant contends the evidence is legally insufficient to prove his identity as the victim's assailant. For the following reasons, we affirm appellant's conviction.

The grand jury indicted appellant for the aggravated assault of Jona Purcell. At trial, the State presented evidence that in August 2010, Purcell was severely beaten. She suffered several broken ribs and multiple bruises on her face and torso. Purcell told her daughter, police, and hospital staff that her boyfriend, appellant, had attacked her. However, by the time of trial, Purcell recanted her allegations. In his sole issue, appellant contends the evidence is legally insufficient to prove he was the person that committed the offense.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011). In a sufficiency review, we do not re-evaluate the weight and credibility of the evidence, and we defer to the jury's determinations of credibility. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). A jury may believe all, some, or none of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We presume that the jury resolved all inconsistencies in the evidence in favor of the verdict. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

At trial, Purcell testified that after the offense, her daughter took her to the hospital where she was interviewed by police. She said she did not recall telling officers that appellant had assaulted her, but acknowledged the interview was recorded and showed she did name appellant as her assailant. She said appellant was her boyfriend and she falsely accused him because her daughter did not like appellant, and said Purcell would "lose everything" if she did not accuse him. In particular, their entire family would "cut" Purcell "off" if she did not say appellant was her assailant. At trial, she claimed appellant did not attack her, but that she was "jumped" in a field by two or three Spanish-speaking women.

The State called the two officers that interviewed Purcell in the hospital. The officers both testified Purcell identified appellant as her attacker. Purcell's daughter also testified that her mother told her appellant was the person that had beaten her. Finally, Purcell's medical records showed Purcell named her boyfriend as her attacker.

Appellant's sister testified for the defense. She said appellant was at her house the night Purcell was attacked, but Purcell was not. According to appellant's sister, therefore, appellant could not have assaulted Purcell.

We conclude the evidence is legally sufficient to show appellant was the person that assaulted Purcell. Although complainant recanted her claim that appellant had assaulted her, her recantation did not render her prior out-of-court statements without probative value. *Fernandez v. State*, 805 S.W.2d. 451, 456 (Tex. Crim. App. 1991); *see also Hernandez v. State*, 280 S.W.3d 384, 386 (Tex. App.—Amarillo 2008, no pet.). Instead, the jury could have rationally believed Purcell's earlier statements and disbelieved her recantation. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Navarro v. State*, 280 S.W.3d 405, 407 (Tex. App.—Amarillo 2008, no pet.).

In reaching this conclusion, we reject appellant's assertions that Purcell's statements to her daughter and police cannot be considered because they were admitted for "impeachment" purposes only. Appellant did not object to any of the statements or request a limiting instruction concerning the statements. A failure to request a limiting instruction when evidence is offered for purposes of impeachment renders it admissible for all purposes. *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim, App. 2008). We conclude the evidence is legally sufficient to show appellant was the person that committed the offense.

We resolve appellant's sole issue against him and affirm the trial court's judgment.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


Do Not Publish
Tex. R. App. 47


111528F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT COLE, Appellant

No. 05-11-01528-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-80133-2011.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE