

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00352-CR
_____

RODERICK SUITERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Falls County, Texas
Trial Court No. 12-09087, Honorable R. Steven Sharp, Presiding

September 10, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Roderick Suiters was convicted of assault with a finding of family violence and sentenced to one year in jail. He contends that he did not receive notice that a family violence finding would be sought which violated his right to due process.[1] We affirm the judgment.

---

[1] Appellant has arguably waived his complaint by failing to raise it in the trial court. *Hernandez v. State*, 280 S.W.3d 384, 388 n.1 (Tex. App.—Amarillo 2008, no pet.); *Givens v. State*, No. 05-06-01582-01584-CR, 2008 Tex. App. LEXIS 3606, at *11 (Tex. App.—Dallas May 20, 2008, pet. ref'd, untimely filed) (not designated for publication).

Article 42.013 of the Code of Criminal Procedure provides:

> In the trial of an offense under Title 5, Penal Code [Offenses Against the Person], if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006). Family violence means "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault . . . but does not include defensive measures to protect oneself." TEX. FAM. CODE ANN. § 71.004(1) (West 2014). Family includes individuals related by consanguinity, *id.* § 71.003, which means one is the descendant of the other or they share a common ancestor. TEX. GOV'T CODE ANN. § 573.022(a) (West 2012). Appellant was charged with having assaulted his mother's sister, that is, his aunt.

The court is statutorily obligated to enter an affirmative finding of family violence in the judgment if, during the guilt phase, it determines that the offense involved family violence. *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). It has no discretion in the matter. Nor does the prosecutor have the discretion to seek such a finding. If the State charges an accused with a crime within the scope of § 71.004 and the evidence supports a verdict that the crime was committed, the finding must be entered by the trial court by statute. Indeed, one can argue that the certainty of the statutory requirement is presumed to be known by each citizen given the legal truism that all are presumed to know the law. *Hicks v. State*, 419 S.W.3d 555, 558 (Tex. App.—Amarillo 2013, pet. ref'd).

Simply put, no prior notice of the intent to secure it must be given. *Thomas v. State*, 150 S.W.3d 887, 888-89 (Tex. App.—Dallas 2004, pet. ref'd). Nor do we know of any authority requiring the provision of such notice. *See Hernandez v. State*, 280 S.W.3d 384, 388 (Tex. App.—Amarillo 2008, no pet.) (so noting); *Williams v. State*, No. 05-10-00696-CR, 2011 Tex. App. LEXIS 6214, at *12 (Tex. App.—Dallas August 10, 2011, pet. ref'd) (not designated for publication). Charging the crime provides notice in and of itself. *Thomas v. State*, *supra.* And, that occurred here.

Accordingly, we overrule the issue and affirm the judgment.


Per Curiam

Do not publish.