

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00043-CR

JOHNATHAN LEWIS HELM                                           APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1276053D

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant guilty of sexual assault of a child under seventeen and of prohibited sexual conduct and assessed his punishment at twenty years' and ten years' imprisonment, respectively. The trial court ordered the punishments to run consecutively. Appellant brings one point attacking the sufficiency of the evidence. We affirm.

---
[1]*See* Tex. R. App. P. 47.4.

**The Evidence**

K.A., the complainant, was Appellant's stepdaughter. K.A. turned sixteen in November 2010 shortly before Thanksgiving. K.A. said she and Appellant had sex together during Thanksgiving in November 2010 in Oklahoma. However, on other occasions, K.A. said the sex occurred in their home in Fort Worth, Texas. K.A. had a baby in August 2011. DNA showed Appellant was the father.

Appellant admitted having sex with K.A. on Thanksgiving in Oklahoma in 2010. Appellant conceded doing some research on the charges against him and said he thought the age of consent in Oklahoma was sixteen.

**Appellant's Point**

In one point, Appellant contends the evidence is insufficient to prove he sexually assaulted K.A. in the State of Texas because the only evidence showing the offense occurred in Texas was impeachment evidence, which Appellant maintains had no probative value. *See Williams v. State*, 565 S.W.2d 63, 65 (Tex. Crim. App. 1978) (stating that evidence admitted for a limited purpose may not be used for another purpose); *Key v. State*, 492 S.W.2d 514, 516 (Tex. Crim. App. 1973) (holding that evidence admitted only for impeachment purposes has no probative value and cannot be used when determining sufficiency of the evidence); *Cherb v. State*, 472 S.W.2d 273, 279 (Tex. Crim. App. 1971) (same). Appellant argues venue was an element of the offenses and had to be proved beyond a reasonable doubt.

2

## Discussion

Venue is not an element of Appellant's two offenses. *See* Tex. Penal Code Ann. §§ 22.011(a)(2)(A), 25.02(a)(2) (West 2011); *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014). Venue need be proven by only a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (West 2015); *Black v. State*, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983), *overruled on other grounds by Schmutz*, 440 S.W.3d at 37–39 (holding venue error does not require automatic reversal but is subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure). Evidence is sufficient to prove venue if a jury may reasonably conclude that the offense was committed in the county alleged. *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet ref'd); *Schmutz v. State*, No. 06-12-00059-CR, 2013 WL 1188994, at *2 (Tex. App.—Texarkana March 22, 2013) (mem. op., not designated for publication), *aff'd*, 440 S.W.3d at 31.

The party opposing evidence has the burden of objecting and requesting a limiting instruction when the other party introduces the evidence. *Turro v. State*, 950 S.W.2d 390, 400 (Tex. App.—Fort Worth 1997, pet. ref'd). If evidence is received without a proper limiting instruction, it becomes part of the general evidence in the case and may be used as proof to the full extent of its rational persuasive power. *See* Tex. R. Evid. 105(b)(1); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); *Navarro v. State*, 280 S.W.3d 405, 406–07 (Tex. App.—Amarillo 2008, no pet.) (stating where prior inconsistent statement of

3

assault victim was offered to impeach her at trial and was admitted without a limiting instruction, it was admissible for substantive purposes; court sustained the jury's finding of guilty in face of challenge to legal sufficiency on appeal); *Turro*, 950 S.W.2d at 400.

K.A.'s earlier statements identifying Fort Worth as the location of the offenses came into evidence on numerous occasions. For example, the investigator from Child Protective Services, over a hearsay objection, said K.A. told her the abuse happened in their home in Fort Worth. *See Poindexter v. State*, 153 S.W.3d 402, 406–09 (Tex. Crim. App. 2005) (holding that once a trier of fact has weighed the probative value of otherwise inadmissible hearsay evidence, an appellate court cannot deny that evidence probative value or ignore it in its sufficiency review). K.A. herself later twice admitted that she had told the CPS investigator the offenses happened in their house in Fort Worth. Over a leading objection, K.A. admitted writing the criminal investigator a letter in which she identified Fort Worth as the location of the offenses. The letter itself was admitted without any objection. K.A. even admitted telling the criminal investigator it all occurred in Fort Worth. Finally, the caseworker from the adoption center that K.A. had used said—again without any objection—that K.A. reported to the center's admissions department that the sexual encounter happened in Fort Worth. On none of these instances did Appellant request contemporaneous limiting instructions when the evidence was admitted. We hold the evidence was admitted for all purposes. *See* Tex. R. Evid. 105(b)(1).

4

With this evidence, we hold that a jury could have reasonably concluded that the offense was committed in Tarrant County as alleged.  *See Knabe*, 836 S.W.2d at 839.  We overrule Appellant's point.

## Conclusion

Having overruled Appellant's point, we affirm the trial court's judgments on the two counts.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 4, 2015

5