

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00128-CR

THOMAS NAVARRO,

                                                        Appellant

 v.

THE STATE OF TEXAS,

                                                        Appellee


From the 272nd District Court
Brazos County, Texas
Trial Court No. 10-00452-CRF-272


## MEMORANDUM OPINION


Approximately ten years after the trial court entered a judgment of conviction against Thomas Navarro in this case, the State filed a motion in which it asked the trial court to enter a judgment nunc pro tunc to correct various claimed errors in its written judgment. The trial court granted the State's motion in its entirety and entered a judgment nunc pro tunc. For assorted reasons, Navarro asks this court to hold that the

trial court erred when it granted the State's motion for entry of a nunc pro tunc judgment. We affirm.

The grand jury indicted Navarro for the offense of assault against a member of his family or a member of his household or a person with whom he has or has had a dating relationship. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(2)(A). It also alleged that Navarro had previously been convicted of an offense under Chapter 22 against a member of his family or a member of his household or a person with whom he has or has had a dating relationship.

At the conclusion of the guilt/innocence phase of a jury trial, the trial court instructed the jury, in relevant part, that:

> "A person commits the offense of Assault Family Violence Enhanced if the person intentionally, knowingly, or recklessly causes bodily injury to another who is a member of the person's family or the person's household or in a dating relationship with the person and the person has been previously convicted of an assault against a member of the person's family or a member of the person's household or an individual who is in a dating relationship with the person."

The jury returned this verdict: "We, the Jury, find the defendant, THOMAS NAVARRO II, Guilty of Assault Causing Bodily Injury Family Violence Enhanced as charged in the indictment."

After the jury had returned its verdict, the trial court stated on the record, "I enter a conviction based on the jury verdict."

Punishment was tried to the court. The trial court assessed Appellant's punishment at confinement for fourteen years.

Subsequently, the trial court entered its written judgment. In that judgment, the trial court adjudged that Navarro was guilty of "ASSAULT CAUSES (sic) BODILY INJURY DATE/FAMILY/HOUSE." The form judgment also contained blanks to show how a defendant pleaded to enhancement paragraphs and whether those allegations were found to be true or not true. All those blanks in the judgment entered in this case were marked "N/A." The judgment also contains a space for the trial court to add special findings or orders. That space was left blank in the written judgment.

The written judgment, as we have outlined it, is the subject of the State's motion for judgment nunc pro tunc. In its brief in this appeal, the State asserts that when it was preparing to use this judgment to enhance a later case filed against Navarro, it noticed instances in which the trial court's written judgment contained what the State claims are clerical errors. The State then filed its motion for entry of judgment nunc pro tunc. The State contended in its motion for entry of judgment nunc pro tunc that there were three such clerical errors in the judgment.

First, the State argued that the written judgment did not correctly identify the offense for which the jury convicted Navarro. Next, the state asserted that the written judgment did not correctly reflect the trial court's finding of "true" relative to a burglary of a habitation conviction alleged in an enhancement paragraph. Finally, the State took

the position that the judgment incorrectly omitted to reflect an affirmative finding that the offense involved family violence. The trial court fully agreed with the State and entered the judgment nunc pro tunc.

In three issues on appeal, Navarro complains that the trial court had no authority to enter a judgment nunc pro tunc in which it made the three changes set forth above. In a fourth issue, Navarro complains that he did not knowingly, voluntarily, or intelligently waive his right to counsel at the post-conviction, post-appeal[1] hearing on the State's motion for judgment nunc pro tunc.

"Nunc pro tunc" is a Latin phrase that means "now for then." *Gomez v. State*, 459 S.W.3d 651, 666 (Tex. App.—Tyler 2015, pet. ref'd). The theory is used to describe the inherent power that a court possesses to make its records speak the truth about a matter that has already occurred at a time in the past. *Id.* A court may correct a judgment only to show what was done, not what should have been done. *Ex parte Dobbs*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986). A judgment nunc pro tunc cannot have the effect of creating a new or independent order. *Gomez*, 459 S.W.3d at 666. A court may correct only clerical errors, not judicial ones that are the result of judicial reasoning. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). Whether an error is clerical or judicial is a question of law. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). Evidence

---

[1] This case has previously been the subject of a direct appeal. *See Navarro v. State*, No. 10-11-00051-CR, 2011 WL 4712248 (Tex. App.—Waco Oct. 5, 2011, no pet.) (mem. op., not designated for publication).

necessary to correct the judgment must appear in the record. *Silva v. State*, 989 S.W.2d 64, 66 (Tex. App.—San Antonio 1998, pet. ref'd).

In his first issue on appeal, Navarro specifically maintains that the trial court did not have the authority to change the name of the offense of which he was convicted from ASSAULT CAUSES (sic) BODILY INJURY DATE/FAMILY/HOUSE, as contained in the original written judgment, to "ASSAULT CAUSING BODILY INJURY FAMILY VIOLENCE WITH A PREVIOUS CONVICTION."

Specifically, the indictment returned by the grand jury in this case provided, in relevant part, that Navarro did:

> "intentionally, knowingly, or recklessly cause bodily injury to Michelle Reeves, a member of the defendant's family or a member of the defendant's household or a person with whom the defendant has or has had a dating relationship as described by Section 71.003 or 71.005 or 71.0021(b)m Family Code, by biting her and pushing her to the ground , and before the commission of the offense, the defendant had previously been convicted of an offense under CHAPTER 22, Penal Code, against a member of the defendant's family or a member of the defendant's household or a person with whom the defendant has or has had a dating relationship, as described by Section 71.003 or 71.005 or 71.00211(b), Family Code ... ."

By its indictment, the grand jury charged Navarro with the offense of "assault causing bodily injury family violence enhanced." The jury found Navarro "Guilty of Assault Causing Bodily Injury Family Violence Enhanced as charged in the indictment."

In its oral pronouncement, the trial court stated, "I enter a conviction based on the jury verdict."

Therefore, the grand jury charged Navarro with the offense of "assault causing bodily injury family violence enhanced," the jury, by relating its verdict to the indictment, found Navarro guilty of the offense of "assault causing bodily injury family violence enhanced," and by its stated reliance on that jury verdict, the trial court effectively orally pronounced a conviction for the offense of "assault causing bodily injury family violence enhanced." The trial court had the authority to cause its written judgment to reflect what occurred at the trial so that its record might speak the truth. We note, additionally, that in cases of this nature, the oral pronouncement of a trial court controls over its written judgment. *See e.g. Mayes v State*, 536 S.W.3d 102, 112 (Tex. App.—Amarillo 2017, pet. ref'd). We overrule Navarro's first issue on appeal.

Because the law as discussed in relation to the first issue on appeal applies to Navarro's third issue on appeal, we will move to that issue next. In that issue, Navarro claims that the trial court had no authority to enter a judgment nunc pro tunc in which it added a finding of family violence. The original written judgment of the trial court did not contain a separate, independent finding that the offense involved family violence; the judgment nunc pro tunc did.

Article 42.013 of the Code of Criminal Procedure provides: "In the trial of an offense under Title 51, Penal Code, if the court determines that the offense involved

family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." ART. TEX. CODE CRIM. PROC. ANN. art. 42.013. Pursuant to article 42.013, "the trial court is statutorily obligated to enter an affirmative finding of family violence in its judgment, if during the guilt phase of trial, the court determines that the offense involved family violence." *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). Article 42.013 assigns the responsibility for making a family-violence determination to the trial court. *Id. see also Hernandez v. State*, 280 S.W.3d 384, 387 (Tex. App.—Amarillo 2008, no pet.) (trial judge must make an affirmative finding if he determines that the offense involved family violence); *Goodwin v. State*, 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.) (trial judge in a prosecution for assault against a family member should make an affirmative finding).

Necessarily, under the trial court's charge, when the jury returned its verdict, it found that the offense involved family violence. Otherwise, there could have been no conviction. When the trial court orally stated that it entered a conviction based upon the jury verdict, it likewise necessarily found that the offense involved family violence, and article 42.013 imposed a mandatory duty on the trial court to enter an affirmative finding in the judgment that the offense involved family violence. The issue in this appeal is not a finding as to whether the offense involved family violence (that instance involves judicial reasoning), but the non-discretionary, clerical duty to enter that finding. Because

the entry of such a finding was mandatory, it did not involve judicial reasoning—it was obligatory. Because it did not involve judicial reasoning, it is a clerical, not judicial, error and the trial court may correct it nunc pro tunc. The trial court's inclusion of a family violence finding in the judgment nunc pro tunc corrected the clerical error of omitting a separate, independent family violence finding in the original judgment. We overrule Navarro's third issue on appeal.

Navarro, in his second issue on appeal, complains about nunc pro tunc changes related to his plea to a separate enhancement paragraph contained in the indictment and the trial court's findings in connection with that enhancement paragraph. The original written judgment contains blanks for the inclusion of the enhancement plea entered by Navarro and the findings of the trial court as to the enhancement. Both blanks in the original written judgment contained the notation, "N/A."[2]

In the hearing on the State's motion for judgment nunc pro tunc, the State raised the issue that the original written judgment did not correctly reflect that the trial court had in fact found, on the record, that the enhancement allegation was true. At least a portion of the reporter's record from the original proceeding was introduced into evidence in the hearing on the State's motion and it bears out the truth of the State's claim.

---

[2] In the direct appeal, Navarro asserted error in the trial court's failing to require him to enter a plea to the enhancement paragraph. This court held that Navarro waived any error in the trial court's failure to require that Navarro enter a plea to the enhancement and that any error would be harmless because it was litigated in the sentencing hearing. *See Navarro* at *23-24.

In the original proceeding in the trial court, the State asked the trial court to find that the enhancement paragraph was true. In response, the trial court stated, on the record, that, "I find that to be true."

Based upon the authorities cited earlier, the trial court did not err when it corrected the clerical error in its judgment to show the reality of what happened at that time: that the trial court did, in fact, find the burglary of a habitation enhancement paragraph to be true. We overrule Navarro's second issue on appeal.

In his fourth issue on appeal, Navarro complains that the trial court erred when it did not sufficiently admonish him as to self-representation in the nunc pro tunc proceeding.

The Sixth Amendment to the Constitution of the United States guarantees that "[in] all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI; *Williams v. State*, 252 S.W.3d 353, 355 (Tex. Crim. App. 2008). If a defendant wishes to represent himself, he must assert that right. When a defendant asserts the right to self-representation, the trial judge must inform the defendant of "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States*, 317 U.S. 269, 279 (1942).

When a trial court admonishes a defendant on the dangers of self-representation, there is no litany for the trial court to use, "no formulaic questioning." *Johnson v. State*,

760 S.W.2d 277, 278 (Tex. Crim. App. 1988) (quoting *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984)). As a general proposition, the record must be sufficient for the reviewing court to assess whether appellant knowingly exercised his right to defend himself. *Id.* at 279. In its admonishments, the trial court should ensure that the defendant is aware of the practical disadvantages of representing himself. *Id.* The defendant should be aware that there are technical rules of evidence and procedures and that he will not be granted any special consideration solely because he asserted his pro se rights. *Id.* A trial court has no duty to inquire into an accused's "age, education, background or previous mental history in every instance where an accused expresses a desire to represent himself[.]" *Williams*, 252 S.W.3d. at 356 (quoting *Goffney v. State*, 843 S.W.2d 583, 584-85 (Tex. Crim. App. 1992)).

There may be some room for discussion about whether this proceeding was a critical one and, therefore, whether Navarro was constitutionally entitled to an attorney at all. However, in any event, we believe that the trial court sufficiently admonished Navarro as to the dangers self-representation under *Faretta*.

Navarro waived his right to counsel and asserted his right to self-representation. Prior to the hearing on the State's motion, the trial court asked Navarro whether he understood the nature of the offense with which he was charged. Navarro said that he did and gave the trial court the name of the offense. The trial court also asked Navarro whether he understood the nature of a nunc pro tunc procedure and Navarro said that

he did. The trial court advised Navarro that there were certain technical rules of evidence and procedure and that he would not receive any special consideration just because he had no legal training. Navarro informed the trial court that he understood. Navarro also indicated that he knew that there were certain discovery disadvantages when a defendant represented himself. The trial court had appointed standby counsel for Navarro, and it reminded Navarro of that.

Even if Navarro were entitled to counsel, we hold that the trial court sufficiently admonished Navarro of the dangers of self-representation in the nunc pro tunc proceeding.[3] We overrule Navarro's fourth issue on appeal.

We affirm the judgment of the trial court.

JIM R. WRIGHT
Senior Chief Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Wright[4]
(Chief Justice Gray dissenting)
Opinion delivered and filed August 31, 2021
Do not publish
[CR25]



---

[3] At the hearing on the State's motion for judgment nunc pro tunc, the State's attorney informed the trial court that Navarro had also received *Faretta* admonishments in the original proceeding.

[4] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.